NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3110
_____

DANIEL E. WOODEND,

Appellant

v.

LENAPE REGIONAL HIGH SCHOOL DISTRICT;
EMILY CAPELLA; CAROL BIRNBOHM; TIMOTHY GUSHUE, j/s/a
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cv-05724)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2013

Before:  FUENTES, FISHER and CHAGARES, *Circuit Judges*.

(Filed: August 14, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Daniel Woodend appeals from an order of the District Court for the District of

New Jersey granting judgment on the pleadings and denying leave to amend his

complaint.  For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In his complaint, Woodend pleaded the following facts: Woodend worked as an assistant coach and teacher at Shawnee High School, a part of the Lenape Regional High School District. Timothy Gushue, a friend of Woodend for more than 20 years, worked as the head coach. On November 14, 2009, Gushue asked Woodend to resign his position as assistant coach after Woodend passed the players' bus on the highway in a dangerous fashion. When Woodend refused, Gushue solicited parents of Shawnee football players to call and complain to the School District about Woodend's driving. Superintendent Emily Capella subsequently advised Woodend that if he did not resign from coaching his conduct would be investigated, possibly resulting in the termination of his teaching position. Woodend resigned from his position as assistant coach on or about December 3, 2009.

On November 15, 2010, Woodend resigned from his teaching position, effective December 1. Woodend claimed that he resigned due to Gushue's harassment and to join the Army. On November 30, 2010, Woodend visited Gushue in his office where Gushue belittled and intimidated him. That evening, Gushue reported the altercation to Shawnee's Principal, who determined that no action was necessary. The next day,

Gushue reported to Assistant Superintendent Carole Birnbohm that he felt threatened by Woodend's presence. On the same day, Birnbohm called Woodend to the Principal's office, where she told him that he was accused of threatening another employee and that he was not to return to his class. Woodend was then escorted off campus. On December 2, 2010, Capella sent Woodend a letter informing him that he was not permitted to enter School District property, attend School District events and functions, or interact with School District employees.

Woodend filed suit against Capella, Birnbohm, Gushue, and the School District in the Superior Court of New Jersey, Burlington County. Defendants timely removed the case to the U.S. District Court for the District of New Jersey and then moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Woodend moved for leave to amend his complaint. The District Court denied Woodend's motion and entered judgment on the pleadings, holding that Woodend had failed to state any cognizable claim for relief. This appeal followed.

## II.

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over Woodend's state-law claims under 28 U.S.C. §§ 1367(a) and 1441(c). We have appellate jurisdiction under 28 U.S.C. § 1291. Although our review of a district court's decision regarding the remand of a case to state court is ordinarily quite limited, we have jurisdiction to review the District Court's decision not to

3

remand Woodend's case, which includes claims under 42 U.S.C § 1983, because "Congress has demonstrated a special concern to preserve our power to review remand orders in civil rights cases." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 784 (3d Cir. 1995).

We exercise plenary review over orders granting a motion for judgment on the pleadings. *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013). When a Rule 12(c) order is based on the theory that the plaintiff failed to state a claim, we exercise the standard of review applicable to a 12(b)(6) motion. *Id.* at 146-47. We evaluate the complaint for "well-pleaded factual allegations," assume their veracity, and then "determine whether they plausibly give rise to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). We review a District Court's denial of leave to amend the complaint for abuse of discretion. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993).

III.

On appeal, Woodend argues that the District Court erred in (A) granting judgment on the pleadings, (B) denying him leave to amend his complaint, and (C) refusing to remand the case to state court. Each of these arguments fails.

A.

We first consider Woodend's claim that the District Court erred in granting the defendants' motion for judgment on the pleadings under Rule 12(c). Woodend argues he

4

pleaded cognizable First Amendment, due process, and intentional interference with employment claims.[1]

1.

Woodend first argues that Capella's letter banning him from interacting with School District employees and from School District property and School District events, impermissibly deprives him of his First Amendment rights to freedoms of speech, assembly, and association. We have an independent obligation to examine our own jurisdiction and thus address the question of Woodend's Article III standing to make these claims even though the District Court did not raise it. *See Pennsylvania Prison Soc'y v. Cortes*, 508 F.3d 156, 158 (3d Cir. 2007). The constitutional minimum of standing requires a plaintiff to show: (1) that he has suffered an injury-in-fact; (2) that there is a causal connection between the injury and the defendant's conduct and that said injury is fairly traceable to the defendant's conduct; and (3) that it is likely that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

In order to satisfy the requirement of an "injury-in-fact," the plaintiff must show that there is an invasion of a legally protected interest that is (1) "concrete and

---

[1] Woodend argues on appeal that, under 42 U.S.C. § 1983, Capella's ban and his dismissal deprive him of a property interest in his reputation without due process. Because Woodend did not raise this claim in the District Court, we will not address it. *See Brenner v. Local 514, United Bhd. of Carpenters*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("failure to raise an issue in the district court constitutes a waiver of the argument").

particularized" and (2) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560. The First Amendment harms Woodend alleges in his complaint and expounds on his briefing are hypothetical. Woodend concedes that he has made no attempt to enter School District property for the purpose of political participation or any other reason.[2] He alleges no attempt to contact School District employees, much less any repercussions from making contact. Because Woodend has pled only conjectural harms to his rights to speak, assemble, and associate, he has no standing to raise these claims and we will not address them.

2.

Next, Woodend argues that the School District violated his due process right to a fair hearing under the District's collective bargaining agreement. Upon resignation, an employee relinquishes his or her property interest in continued employment and cannot claim a deprivation of due process rights. *Leheny v. City of Pittsburgh*, 183 F.3d 220, 228 (3d Cir. 1990). Woodend's claim fails because he voluntarily resigned from his position. Once Woodend tendered his resignation, he surrendered his right to due process

---

[2] As such, he has made no effort to test the limits of the "ban." Capella's letter states, among other things, that Woodend is "not allowed on Lenape Regional High School District property, either as a professional or as a visitor." JA at 00058. He is further instructed not "to have any further contact with the district staff" and that he is "ineligible to attend any extracurricular, athletic, or any other school-related event or function at any district location." JA at 00058. We will not speculate on how the School District might interpret (for example, whether presence on campus to vote might be excluded from these listed activities) or attempt to enforce this order when no such actions have occurred.

under collective bargaining, and consequently, cannot claim a deprivation of such rights. Thus, the District Court did not err in dismissing this claim.

3.

The District Court also properly dismissed Woodend's claim against Gushue for tortious interference with a contract. A tortious interference claim requires a plaintiff to allege (1) a protected interest or contract; (2) malicious interference; (3) a reasonable likelihood that the interference caused the loss of prospective gain; and (4) damage from the injury. *Printing Mart-Morristown v. Sharp Elec. Corp.*, 563 A.2d 31, 37 (N.J. 1989). The District Court correctly concluded that Gushue's conduct could not have caused a loss of future gain because the loss was caused by Woodend's voluntarily resignation.

We note that the District Court addressed this claim as part of its discussion of Woodend's 2009 coaching resignation. Woodend asserts that another tortious interference claim is contained in that the allegation in count five that "[f]or the purpose of interfering with Plaintiff's employment with the School District, Defendant, Timothy Gushue, falsely reported that he felt intimated." JA at 00032. The District Court dismissed all claims relating to the 2010 resignation from teaching.

Here, Woodend argues that the "loss of prospective gain" element is satisfied because Gushue damaged Woodend's protected interest in his employment with the School District by causing the School District to place restrictions on Woodend that may impair his ability to seek employment with the School District in the future. The District

Court's reasoning regarding the 2009 resignation is equally applicable here. While Woodened may have had a protected interest in his employment, he lost the prospective gain from his teaching employment when he resigned. Woodend has not demonstrated that he currently possesses any "protectable right" or "reasonable expectation" of employment in the future that survived his voluntary resignation.[3] *See MacDougall v. Weichert*, 677 A.2d 162, 174 (N.J. 1996).

B.

Next, Woodend appeals the District Court's order denying leave to amend his complaint to add equitable claims and factual support. The District Court found that granting leave would be futile and accordingly denied Woodend's motion. A court denies a motion to amend on futility grounds if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). We assess futility with the "same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. As the District Court noted, there is no indication that additional factual support could raise Woodend's claims above speculation or conclusion. Woodend's desire to amend his complaint "to cure any deficiencies," Woodend Br. at 28, provides no evidence that his claims would survive a

---

[3] Woodend asserts for the first time on appeal that Gushue interfered with his right to reemployment under the Uniform Services Employment and Reemployment Act, 38 U.S.C. § 4312 et seq. This claim fails because, among other reasons, Woodend has never alleged that he has sought the protections of § 4312 by submitting "an application for reemployment with the employer not later than 90 days after the completion of the period of service" and been subsequently denied. *Id.*

judgment on the pleadings. Therefore, the District Court did not abuse its discretion when it denied leave to amend.

## C.

Finally, Woodend argues that the District Court erred in denying his motion to remand the case to state court. *See* 28 U.S.C. § 1441(c) (giving district courts discretion to "remand all matters in which state law predominates"). According to Woodend, remand was required because the District Court found that he had not stated a cognizable federal claim, depriving the District Court of federal question jurisdiction. He is incorrect. Woodend clearly alleged constitutional claims invoking federal question jurisdiction, and supplemental jurisdiction over his state law claims was proper because those claims are not "separate and independent" from the federal claims. *See Borough of West Mifflin*, 45 F.3d at 786.

## IV.

For the reasons set forth above, we will dismiss Woodend's First Amendment claims for want of standing and affirm the District Court on all other issues.